**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ELLIOT MCGUCKEN, an individual,

Plaintiff,

v.

BOOKING HOLDINGS INC., a Delaware corporation; AGODA COMPANY PTE. LTD. d/b/a "Agoda International USA LLC," a Singaporean company; and DOES 1-10,

Defendants.

Case No.: 1:26-cv-9270

**COMPLAINT FOR**:

1. COPYRIGHT INFRINGEMENT
2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT

**JURY TRIAL DEMANDED**

Plaintiff Elliot McGucken ("McGucken"), by and through his undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq.*

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff McGucken is an individual residing in Los Angeles County, California.

5. On information and belief, McGucken alleges that Defendant Booking Holdings Inc. ("Booking") is a Delaware corporation doing business in and with this District.

6. On information and belief, McGucken alleges that Defendant Agoda Company Pte. Ltd. d/b/a "Agoda International USA LLC" ("Agoda") is a Singaporean corporation doing business in and with this District, including through their office at 350 Fifth Avenue, Suite 4700, New York, New York 10118, and a subsidiary of Booking.

7. On information and belief, McGucken alleges that Defendants DOES 1 through 10, (together with Booking and Agoda, "Defendants"), inclusive, are other parties not yet identified who have infringed McGucken's copyrights, have contributed to the infringement of McGucken's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of DOES 1 through 10, inclusive, are presently unknown to McGucken, which therefore sues said Defendants by such

fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

8. On information and belief, McGucken alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each violation of McGucken's rights and the damages to McGucken proximately caused thereby.

## CLAIMS RELATED TO THE SUBJECT PHOTOGRAPH

9. McGucken is an accomplished and critically acclaimed landscape photographer. His works have appeared in The Smithsonian Magazine, The National Parks Magazine, and other fine arts publications. He has authored numerous books and won over 100 photographic awards. The Subject Photograph is an original work of authorship that embodies McGucken's creative choices, including his selection of subject, composition, framing, perspective, timing, lighting, and post-production treatment.

10. McGucken is the sole author, creator, and owner of the original photograph depicted below (the "Subject Photograph").

//

//

//

//

//

| Subject Photograph |
| --- |
|  |

11. Prior to the acts complained of herein, McGucken widely published, publicly displayed, and disseminated the Subject Photograph, including without limitation on McGucken's website www.emcgucken.com, as well as through his online profiles, social media accounts, press coverage, and physical exhibitions. In each such publication, the Subject Photograph was displayed together with copyright management information identifying McGucken as its author and owner.

12. McGucken has registered the Subject Photograph with the United States Copyright Office and owns a registration certificate confirming same.

13. On information and belief, McGucken alleges that Defendants, and each of them, used the Subject Photograph for commercial purposes including, without limitation, by posting

the Subject Photograph online at the website www.agoda.com, which is owned and operated by Agoda, as well as Booking (the "Infringing Uses"). True and correct screen captures of the Infringing Uses, together with their corresponding URLs, are depicted below:

**Infringing Use**

URL: https://www.agoda.com/travel-guides/united-states/exploring-joshua-tree-the-ultimate-guide-to-adventure-and-serenity-in-californias-desert-oasis/




URL: https://www.agoda.com/ko-kr/travel-guides/united-states/exploring-joshua-tree-the-ultimate-guide-to-adventure-and-serenity-in-californias-desert-oasis/



URL: https://www.agoda.com/travel-guides/united-states/los-angeles/unforgettable-day-trips-near-los-angeles-for-nature-lovers/

Unforgettable Day Trips Near Los Angeles for Nature Lovers



URL: https://www.agoda.com/zh-cn/travel-guides/united-states/exploring-joshua-tree-the-ultimate-guide-to-adventure-and-serenity-in-californias-desert-oasis/

探索约书亚树加州沙漠绿洲探险与宁静终极指南



14. At no point did Agoda or Booking ever receive authorization, consent, or a license from McGucken for its exploitation of the Subject Photograph.

15. On May 16, 2025, McGucken sent a letter to Agoda and Booking notifying them that their usage of the Subject Photograph constituted infringement of McGucken's copyrights. Defendants failed to respond to resolve the matter, requiring this action. As of filing, Defendants continue to exploit the Subject Photograph by displaying it in the Infringing Uses on www.agoda.com.

## FIRST CLAIM FOR RELIEF

**(For Copyright Infringement - Against All Defendants, and Each)**

16. McGucken repeats, re-alleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

17. McGucken alleges on information and belief that Defendants, and each of them, accessed the Subject Photograph by, without limitation, viewing the Subject Photograph on McGucken's website or social media profiles, on other websites, or through McGucken's numerous online profiles. Access is further evidenced by the Subject Photograph's exact reproduction in the Infringing Uses.

18. On information and belief, McGucken alleges that Defendants, and each of them, infringed McGucken's copyrights in the Subject Photograph by, without limitation, copying, reproducing, publishing, and displaying the Subject Photograph in the Infringing Uses for commercial benefit to the public as set forth above, without McGucken's authorization or consent.

19. On information and belief, McGucken alleges that Defendants, and each of them, infringed McGucken's copyrights by creating infringing derivative works from the Subject Photograph and publishing same to the public.

20. Due to Defendants', and each of their, acts of infringement, McGucken has suffered general and special damages in an amount to be established at trial.

21. Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of McGucken's rights in the Subject Photograph. As such, McGucken is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of his rights in the Subject Photograph in an amount to be established at trial.

22. On information and belief, McGucken alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional, and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

**SECOND CLAIM FOR RELIEF**

**(For Vicarious and/or Contributory Copyright Infringement – Against all Defendants, and Each)**

23. McGucken repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

24. On information and belief, McGucken alleges that Defendants knowingly induced, participated in, aided and abetted, and profited from the illegal reproduction and

distribution of the Subject Photograph as alleged hereinabove. Such conduct included, without limitation, publishing and displaying the photograph that Defendants knew, or should have known, was not authorized to be published by Defendants; publishing the Infringing Uses on affiliate, third-party, and social media sites; and distributing the Infringing Uses to third-parties for further publication.

25. On information and belief, McGucken alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, Defendants, and each of them, had the ability to oversee the development, publication, and distribution of the infringing imagery at issue. Defendants, and each of them, also realized profits through their respective acquisition, distribution, and publication of the Infringing Uses.

26. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, McGucken has suffered general and special damages in an amount to be established at trial.

27. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of McGucken's rights in the Subject Photograph. As such, McGucken is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of its rights in the Subject Photograph, in an amount to be established at trial.

28. On information and belief, McGucken alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful,

intentional, and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

**Against All Defendants, and Each and With Respect To Each Claim For Relief:**

a. That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from infringing McGucken's copyrights in his photography, including without limitation the Subject Photograph, including through, without limitation, an order requiring Defendants, and each of them, to remove any content incorporating, in whole or in part, McGucken's photography, including without limitation the Subject Photograph, from any print, web, or other publication owned, operated, or controlled by any Defendant;

b. That McGucken be awarded all profits of Defendants, and each of them, plus all losses of McGucken, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages to the extent they are available under the Copyright Act, 17 U.S.C. § 504, and other applicable law;

c. That a constructive trust be entered over any revenues or other proceeds realized by Defendants, and each of them, through their infringement of McGucken's intellectual property rights;

d. That McGucken be awarded its costs and attorneys' fees to the extent they are available under the Copyright Act, 17 U.S.C. § 101 et seq.;

e. That McGucken be awarded its costs and fees under the statutes set forth above;

f. That McGucken be awarded statutory damages and/or penalties under the statutes set forth above, to the extent they are available;

g. That McGucken be awarded pre-judgment interest as allowed by law;

h. That McGucken be awarded the costs of this action; and

i. That McGucken be awarded such further legal and equitable relief as the Court deems proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: October 22, 2026

By: */s/ David M.S. Jenkins*

Scott Alan Burroughs, Esq.
David Michael Stuart Jenkins, Esq.
DONIGER / BURROUGHS
247 Water Street, First Floor
New York, New York 10038
(310) 590-1820
*Attorneys for Plaintiff*